IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CORDELIA ODOM**                                                             **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 5:16-cv-123-DCB-MTP**

**FORD MOTOR COMPANY, ET AL.**                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute and failure to comply with the Court's prior orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On December 9, 2016, this action was removed to this Court after Plaintiff filed this action in state court through counsel, Honorable Deborah McDonald. On April 3, 2017, counsel for Plaintiff filed a Motion to Withdraw as Counsel [8]. On May 23, 2017, the Court granted counsel's Motion to Withdraw [8]. *See* Order [11]. In the Order [11] granting counsel leave to withdraw, the Court ordered Plaintiff to obtain substitute counsel and have counsel enter an appearance in this matter or to advise the Court in writing that she intends to proceed without an attorney. Plaintiff was directed to comply with the Order [11] by June 23, 2017. Plaintiff failed to comply with the Court's Order.

Thus, on June 28, 2017, the Court entered an Order to Show Cause [12] directing Plaintiff to show cause, in writing, why this case should not be dismissed for failure to comply with the Court's Order [11] to obtain substitute counsel or to advise the Court in writing that she intends to proceed without an attorney. The Court directed Plaintiff to respond to the Order [12]

on or before July 12, 2017, and advised Plaintiff that her failure to respond may result in this action being dismissed without further notice.  Plaintiff failed to respond to the Order [12].[1]

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  As Plaintiff has not responded to two Court orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

## RECOMMENDATION

As Plaintiff has failed in her obligation to prosecute this case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[1] Plaintiff has not filed anything of record, or otherwise contacted the Court, since Plaintiff's counsel moved to withdraw on April 3, 2017.

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 26th day of July, 2017.

                                        s/Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE